**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PAUL W. WOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-8-AMG** |
| | ) | |
| **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Paul W. Wood ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 14, 16), and the parties have fully briefed the issues. (Docs. 22, 25, 27).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 17, 19). For the reasons set forth below, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

## I. Procedural History

Plaintiff filed applications for DIB and SSI in January 2019, alleging a disability onset date of March 30, 2018. (AR, at 193-202). The SSA denied the applications initially and on reconsideration. (*Id*. at 109-115, 118-130). Then an administrative hearing was held on March 6, 2020. (*Id*. at 32-49). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 12-31). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## II. The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 30, 2018, the alleged onset date. (AR, at 17). At Step Two, the ALJ found that Plaintiff had the following severe impairments: status post bilateral shoulder surgeries, degenerative disc disease of cervical spine, and mild left ventricular diastolic dysfunction. (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 18). The ALJ then determined that Plaintiff had the RFC

> to occasionally lift and/or carry 10 pounds and frequently up to 10 pounds, stand and/or walk at least 2 hours in an 8-hour workday with normal breaks, sit at least 6 hours in an 8-hour workday with normal breaks, but must avoid overhead work.

(*Id*.) At Step Four, the ALJ found the Plaintiff unable to perform any past relevant work. (*Id*. at 26). At Step Five, the ALJ concluded that "[c]onsidering the [Plaintiff's] age,

education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as a call out operator, touch up screener, and document preparer. (*Id*. at 26-27). Thus, the ALJ found that Plaintiff had not been under a disability since March 30, 2018. (*Id*. at 27).

**III. Claims Presented for Judicial Review**

On appeal, Plaintiff raises two issues. (Doc. 22, at 5). First, he argues that the ALJ's RFC is not based on substantial evidence. (*Id*. at 6-8; Doc. 27, at 1-3). Second, he argues that the vocational expert's (VE's) testimony conflicted with the Dictionary of Occupational Titles. (Doc. 22, at 8-9; Doc. 27, at 3-4). In response, the Commissioner argues that "[t]he ALJ reasonably accounted for Plaintiff's impairments by limiting him to sedentary work with an additional restriction on overhead work." (Doc. 25, at 9-13). The Commissioner further argues that there was no reversible error with the VE testimony. (*Id*. at 13-15).

**IV. The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence"

from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a); 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)(1).

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."

*Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**V. Analysis: The ALJ Engaged In Prohibited Picking and Choosing in Formulating the RFC, Requiring Remand.**

Although presented as part of his argument about the VE's testimony, Plaintiff challenges the ALJ's RFC by pointing out an inconsistency between the RFC and the ALJ's evaluation of Dr. Sparks' opinion. (Doc. 22, at 8-9). The ALJ stated:

> Dr. Sparks' opinion of claimant's residual functional capacity is **somewhat persuasive** and fairly consistent with the residual functional capacity given, which limits him to 10 pounds lifting, but no limits on sitting, standing or walking; limits him on stooping, crouching, climbing stairs. However, these do not appear justified as problems are with the shoulders and cervical spine and not the lumbar spine or legs. **It also gives manipulative limitations, which is consistent with the medical evidence of record** (Exhibit 5F)
>
> The statement by Dr. Sparks that claimant has subjective numbness and tingling down the hands is not persuasive, as the objective exams do not show limitation on the use of the hands (Exhibit 7F) when compared to the objective physical examination by another orthopedic surgeon (Exhibit 3F, page). The statement that claimant cannot work is not persuasive as it is inconsistent with the objective medical evidence (Exhibit 7F).

(AR, at 25) (emphasis added).

The "manipulative limitations" to which the ALJ refers were documented by Dr. Sparks in response to the question, "Are the following *PHYSICAL FUNCTIONS* affected by the impairment?" (AR, at 425). Dr. Sparks checked "Yes" as to "Reaching (including overhead);" "Pushing/pulling;" and "Handling (gross manipulation);" and "No" as to "Fingering (fine manipulation)" and "Feeling." (*Id.*) In response to the question, "[h]ow

are these physical functions affected?" Dr. Sparks wrote "weakness, pain." (*Id*). In response to the question, "[w]hat medical findings support this?" he wrote "[bilateral] shoulder RTC repair." (*Id*.)

Although the ALJ found the manipulative limitations in Dr. Sparks' opinion to be "consistent with the medical evidence of record" (*id*. at 25), the ALJ did not include those limitations in the RFC beyond the limitation on "avoid[ing] overhead work" (*id*. at 18). Plaintiff urges that the RFC "should have included limitations in reaching, pushing, pulling, and handling." (Doc. 22, at 8).

An ALJ must evaluate and articulate the persuasiveness of all medical opinions in the record. 20 C.F.R. § 404.1520c(a), (b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." *Id*. § 404.1520c(c)(1). "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 404.1520c(c)(2).

The ALJ erred in failing to explain why he did not include in the RFC Dr. Sparks' manipulative limitations of reaching (other than overhead), pushing, pulling, and handling, when he expressly found Dr. Sparks' opinion to be "somewhat persuasive," in part because those very limitations were "consistent with the medical evidence of record." The ALJ's

decision to exclude these limitations from the RFC amounts to prohibited "picking and choosing" from medical opinions.

> An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. Although . . . the ALJ is entitled to resolve any conflicts in the record, the ALJ did not state that any evidence conflicted with Dr. [Sparks'] opinion . . . . So it is simply unexplained why the ALJ adopted some of Dr. [Sparks'] restrictions but not others.

*Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (internal citations omitted). Indeed, while the ALJ explained why he did not adopt limitations related to Plaintiff's hands, he did not explain why Plaintiff's documented shoulder problems did not warrant adoption of Dr. Sparks' "consistent" manipulative limitations.

Accordingly, remand is required so that the ALJ can explain the evidentiary support for his RFC determination. The court declines to address Plaintiff's remaining objections to the ALJ's decision "because they may be affected by the ALJ's treatment of th[e] case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## V. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED** this 25th day of May, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE